UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CASE NO. 3:15-CR-140-PLR-CCS |
| ) | |
| JOEY ALLEN SMITH ) | |

## MEMORANDUM AND ORDER

On December 23, 2015, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 15-page Report and Recommendation [R. 41], in which he recommended that Defendant's motion to dismiss the indictment [R. 13] be denied.

This matter is before the Court for consideration of Defendant's objections [R. 42] to the Report and Recommendation. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the Court has now undertaken a *de novo* review of those portions of the Report and Recommendation to which Defendant objects. For the reasons that follow, the Court finds Defendant's objections without merit and the objections will be overruled.

Defendant is charged with a single count of violating 18 U.S.C. § 922(g)(1) by being a previously convicted felon in possession of a firearm [R. 1]. Defendant moves to dismiss the indictment, arguing that the statutory definition of felon excludes individuals whose civil rights have been restored. Defendant admits that he was convicted of felony drug trafficking in Ohio on June 6, 1995. He states that he was issued a certificate by the

Ohio Department of Rehabilitation and Correction stating that his civil rights were restored.[1]  Alternatively, Defendant argues that his civil rights were restored upon completion of service of his sentence pursuant to Ohio Revised Code § 2967.16(C)(1). The Government responds that even if Defendant's civil rights were restored by operation of law, he is still subject to the federal firearms ban because he is prohibited from possessing firearms under a separate Ohio statute.

The Magistrate Judge determined that whether Defendant's civil rights, including his right to possess a firearm, were restored by a certificate from the Ohio Department of Rehabilitation and Correction in 1997 cannot be determined pretrial because the certificate itself either no longer exists or has not been presented to this Court. Defendant does not object to this finding by the Magistrate Judge.

Alternatively, the Magistrate Judge found that Ohio Revised Code § 2923.13 restricts Defendant's right to possess a firearm because he was convicted of drug trafficking, citing the Sixth Circuit's decision in *United States v. Cassidy,* 899 F.2d 543 (6th Cir. 1990). Defendant concedes that he cannot prevail on his motion to dismiss if the Court follows the Sixth Circuit's decision in *Cassidy.* He therefore urges the Court to apply the rule of lenity because the Ohio statutes are ambiguous.

The "rule of lenity tells courts to interpret ambiguous criminal laws in favor of criminal defendants." *United States v. Wiltberger,* 18 U.S. 76 (1820). Despite Defendant's argument to the contrary, there is precedent from the Sixth Circuit finding

---

[1] This certificate has been misplaced and neither Defendant nor the Ohio or Tennessee correctional departments still have a copy of the certificate.

2

the Ohio statutes at issue are not ambiguous, and the Court finds that the Sixth Circuit's holding in *Cassidy* is controlling. Defendant argues – just as Cassidy argued before the Sixth Circuit – that his civil rights have been restored and, therefore, his conviction for marijuana trafficking is excluded from the definition of a crime punishable by imprisonment for more than one year under 18 U.S.C. § 921(a)(20). The Sixth Circuit reaffirmed this holding in *United States v. Zellers,* 334 Fed. Appx. 742 (6th Cir. 2009). Because the Ohio statutes are not ambiguous, the rule of lenity does not apply, and Defendant's objections to the Magistrate Judge's Report and Recommendation [R.42] are **OVERRULED.**

Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation [R. 41] under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that Defendant's motion to dismiss the indictment [R. 13] is **DENIED.**

Enter:

_____
UNITED STATES DISTRICT JUDGE

3

Case 3:15-cr-00140-PLR-CCS   Document 45   Filed 01/26/16   Page 3 of 3   PageID #: 352